FILED
2017 Mar-14  AM 10:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA

AAL GROUP, LTD.              )
                                    )
      **Plaintiff,**           )
                                      )
**v.**                               )   **Case No.** _____
                                      )
**BLACK HALL AEROSPACE, INC.,**  )
**PAUL DAIGLE and KEITH WOOLFORD,** )
                                      )
      **Defendants.**        )

## COMPLAINT

AAL Group, Ltd. ("Plaintiff" or "AAL Group") submits the following as its Complaint against Black Hall Aerospace, Inc. ("BHA"); Paul Daigle and Keith Woolford (collectively, "Defendants").

## I. PARTIES

1.    AAL Group is a British Virgin Islands company with its principal place of business in Sharjah, United Arab Emirates. AAL Group supplies a broad and full spectrum of rotary wing aviation solutions to customers all over the globe. Notably, part of AAL Group's business is supporting troops fighting the war on terrorism. AAL Group has long done business with BHA's former parent company, AAL USA, Inc. ("AAL USA").[1]

---

[1] AAL Group is a former franchisor of AAL USA but the two are not related entities. AAL USA is independently owned and operated. The owner of AAL

2.      BHA is an Alabama corporation with its principal place of business in Huntsville, Alabama. BHA claims that it has been assigned all of AAL Group's contracts with AAL USA by virtue of an Asset Purchase Agreement. BHA has, according to it, assumed all the duties and obligations from the AAL Group contracts with AAL USA. But despite having taken the cash relative to the contracts, BHA has failed and refused to meet its obligations under the contracts it claims it was assigned. In fact, BHA has breached at least five of these contracts, giving rise to AAL Group's claims as asserted herein.

3.      Paul Daigle is an Alabama resident citizen.

4.      Keith Woolford is an Alabama resident citizen.

## II. JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy is greater than $75,000.00 and complete diversity exists between AAL Group, on the one hand, and Defendants on the other.

6.      Venue is proper in the Northern District of Alabama pursuant to 28 U.S.C § 1391(b)(1) and (b)(2) because Defendants are residents of the State of

USA, Oleg Sirbu ("Sirbu"), does not own any part of AAL Group, though he is the CEO of AAL Group.

29049405 v1

Alabama and reside in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## III. <u>FACTS</u>

7.    AAL Group is an international contractor that provides aviation services to governments and prime contractors around the globe.

8.    On February 3, 2011, AAL Group created AAL USA to support AAL Group's existing contracts involving aviation services with the U.S. government and its prime contractors.

9.    In early 2014, AAL Group and AAL USA became independently owned and operated; however, both companies continued their business relationship, working together on many contracts including but not limited to: (1) delivery of KN53 aviation equipment to AAL Group; (2) delivery of Bird Aero aviation equipment to AAL Group; (3) delivery of various Airbus aviation equipment to AAL Group; and (4) maintenance, labor, engineering, and travel services performed by AAL Group.

10.    On or about June 19, 2015, BHA was incorporated to serve as AAL USA's FAA Part 145 aircraft repair facility.

11.    Daigle and Woolford contend that they own shares of BHA.

12.    In 2016, AAL USA was awarded a subcontract with prime contractor Lockheed Martin (now Leidos) through the Army Contracting Command--

3

Aberdeen Proving Ground contract facility for Army Sensor Systems--Aerial Intelligence, Surveillance And Reconnaissance ("SS-AISR"). AAL USA was also awarded its first contract as a Prime Contractor for Worldwide Training Support Services ("WTSS") through the Army Contracting Command--Redstone Arsenal.

13.   On or about March 29, 2016, Leidos sponsored AAL USA for a security clearance with the Defense Security Service so that AAL USA could perform classified work.

14.   On or about September 23, 2016, Leidos sent a letter to Paul Daigle ("Daigle," the former CEO of AAL USA and now CEO of BHA) stating that the Army Contracting Command--Aberdeen Proving Ground had notified Leidos that AAL USA must withdraw its personnel and property from the CENTCOM OCONUS operation. *See* Letter attached as Ex. 1.

15.   According to Defendants, on September 29, with only days to provide a plan to Leidos, BHA and AAL USA entered into a transaction which transferred all of AAL USA's assets to BHA through an Asset Sale and Purchase Agreement (the "APA") so that BHA could perform the CLS and SS-AISR contracts with Leidos. A copy of the APA is attached as Ex. 2.

16.   AAL USA alleges that it was fraudulently induced into transferring (or purportedly transferring) all of its assets and liabilities to BHA by Daigle and Keith Woolford ("Woolford," the former CFO of AAL USA and now CFO of

4

BHA), both of whom were employees of AAL USA at the time.  Further, Daigle and Woolford, working with a number of co-conspirators, created and executed a scheme to transfer the assets of AAL USA, a company worth at least $20 million dollars, for a purported purchase price of $501,660.46.  BHA and its owners then used AAL USA's own money to try to pay the purchase price.[2]

## A.   BHA CLAIMS THE APA TRANSFERRED ALL OF AAL USA'S CONTRACTS TO BHA.

17.   BHA claims that it purchased all of AAL USA's assets, including its contracts, through the APA.  *See* Ex. 2, § 1.01(b) ("Buyer shall purchase from Seller … all contracts of any kind whatsoever.").

18.   Furthermore, subsequent to the APA, the parties executed an Assignment and Assumption Agreement (the "Assignment"), which transferred at least seven AAL USA contracts and their liabilities to BHA. *See* Ex. 3. The Assignment provides that: "[BHA] hereby accepts such assignment and **assumes all of [AAL USA's] duties and obligations under the Assigned Contracts and agrees to pay, perform and discharge, as and when due, all of the obligations of Seller under the Assigned Contracts accruing on and after the Effective Date.**" *Id.* at ¶ 2 (emphasis added).  The list of Assigned Contracts is designated on

---

[2] It has recently come to light that BHA is negotiating a sale of BHA's ownership or substantially all of its assets for $20 million dollars. *See* Affidavit of John Daniels attached as Ex. 4 and Affidavit of Saul Kirsch attached as Ex. 5.

5

Schedule 1 of the APA.  *See* Ex. 6.  According to BHA, its acquisition also included all of AAL USA's cash, which includes advances paid by AAL Group to AAL USA to perform certain of the contracts that BHA assumed.

19.     Woolford and Daigle were also adamant about transferring all of AAL USA's contracts to BHA under the APA.  In addition to the foregoing express terms of the APA and Assignment, Woolford specifically instructed BHA and its lawyers, who drafted the APA, to include all contracts in the APA.

20.     Moreover, on December 15, 2016, more than six weeks after the execution of the APA, BHA's employee Alexandra Meyer sent AAL Group an email requesting a status update on an AAL USA contract that had been assigned to BHA in which AAL Group was to calibrate equipment.  *See* Alexandra Meyer Email, attached as Ex. 7.  This email reflects that BHA indeed took on work previously performed by AAL USA in order to perform the contracts at issue.

**B.     AAL GROUP HAS BEEN DAMAGED BY BHA'S FAILURE TO PERFORM AT LEAST FIVE CONTRACTS.**

**1.     The Northrop Grumman Contract**

21.     Between April 1, 2014, and February 28, 2015, AAL USA entered into several Purchase Orders ("POs") with Northrop Grumman ("Northrop") in support of a Certified Logistics Support ("CLS") contract to provide technical maintenance of Mi type helicopters.  AAL USA, acting as the prime contractor, subcontracted various work under two POs to AAL Group, including labor, travel,

6

direct costs for testing supplies, visas, and other necessary procurement. *See* PO #6006-R1 and PO #6006-R2 attached as Exs. 10-11. PO #6006-R1 is for approximately $8.7 million dollars, and PO #6006-R2 is for approximately $9.7 million dollars. Exs. 8-9.

22.     According to BHA, it is now the prime contractor and AAL Group the subcontractor. *See* Ex. 3, at ¶ 2. In fact, the Northrop contract is specifically listed on the Schedule of Assigned Contracts. BHA assumed all of AAL USA's duties and obligations under this contract. *See* Ex. 3.

23.     AAL Group has performed all of its duties and obligations as subcontractor under the POs. On January 29, 2015, AAL Group received a Certification of Completion for PO #6006-R1, which represents work performed by AAL Group as a subcontractor to the CLS Project. *See* Ex. 10. Furthermore, on January 29, 2015, AAL Group received a Certificate of Completion for PO #6006-R2, which also represents work performed by AAL Group as subcontractor in support of the CLS Project. *See* Ex. 11. The amount owed to AAL Group under these two POs is $2,834,706.07.

24.     Between January 1, 2015 and February 18, 2015 AAL Group billed its services to AAL USA under additional POs approved on the CLS project in the amount of $745,551.13 (invoice No. 614/AAL070515). These amounts are also now owed to AAL Group by BHA.

29049405 v1

25.    For the accounts receivable from Northrop, AAL USA factored these receivables with Versant Funding, LLC, a company that provides financing using accounts receivable as collateral.[3] Here, AAL USA factored at least $2,922,490.56 of Northrop receivables.  In fact, BHA's CFO Keith Woolford sent Northrop an assignment letter that instructed Northrop "to pay the full amount of all invoices [Northrop Grumman] now due, and all invoices which in the future are submitted or became due and payable, directly and solely to: VERSANT FUNDING LLC." *See* Assignment Letter to Northrop, attached as Ex. 12.

26.    After factoring the receivables, AAL USA -- under Daigle's and Woolford's direction -- failed to pay AAL Group the money owed to AAL Group. Daigle and Woolford spent the money in some other way, leaving AAL Group without proper compensation under the Northrup contract.

27.    Daigle misrepresented that Northrup Grumman had not paid for the work performed so that BHA could not pay AAL Group, when in fact, Northrup Grumman had paid -- but Daigle and Woolford had factored the invoices and kept the money for their personal benefit and use as well as for the use of BHA.

---

[3] Factoring occurs when a company sells its accounts receivable at a discount in return for a lump sum payment. The factoring company then collects the outstanding accounts receivable.

29049405 v1

28.     The total amount owed by BHA and/or Daigle and Woolford to AAL Group for the Northrop work equals $3,580,257.20 outstanding for work performed. *See* Exs. 13-14.

### 2.     The Airbus Iraqi MILDS® Contract

29.     On June 15, 2015, AAL USA entered into a contract with AAL Group to supply and deliver Airbus MILDS® aviation equipment to AAL Group. Subsequently, an addendum was signed by the parties on January 19, 2016 to change the price of the order to a total contact price of 1,670,020 Euros.

30.     AAL Group made an advance payment to AAL USA in the amount of $362,316.03 for the desired Airbus aviation equipment.

31.     AAL USA's obligations to perform its contracts with AAL Group transferred to BHA under the APA; in fact, this contract is also listed on Schedule 1 of the APA. *See* Ex. 6, ¶ 4.

32.     BHA is in material breach of the contract because it has not delivered any of the ordered equipment.

33.     AAL Group requests that the Court rescind the contract and order BHA to refund AAL Group its deposit in the amount of $362,316.03.

### 3.     The F2AST Certified Logistics Support (CLS) Contract

34.     On September 1, 2015, and September 1, 2016 AAL Group entered into two POs with AAL USA where AAL Group agreed to provide labor and travel

9

services as a subcontractor for AAL USA in support of AAL USA's contract with Lockheed Martin. *See* F2AST POs, attached as Ex. 15.

35.    BHA (as assignee from AAL USA) is now the prime contractor and AAL Group the subcontractor. According to the APA, BHA acquired this contract and all its related duties and obligations. *See* Ex. 3, ¶ 2.

36.    AAL Group performed all of its duties and obligations under the POs. The amount owed to AAL Group by BHA under these two POs is $418,884.65.

37.    BHA has yet to pay the outstanding amount of $418,884.65 owed to AAL Group and is in breach of the F2AST contracts.

38.    AAL Group requests that the Court require BHA to pay AAL Group the amount of $418,884.65 outstanding for work performed.

### 4.    The MAG DS Helicopter Contract

39.    On January 19, 2016, AAL Group entered into a contract with AAL USA to lease to AAL USA one Mi 8MTV Helicopter.   In addition to the helicopter, AAL Group provided training, certification support, licenses, safety inspections, and maintenance services.

40.    AAL USA's obligations to perform its contracts with AAL Group transferred to BHA under the APA—like the foregoing contracts, this contract is also listed on Schedule 1 of the APA. *See* Ex. 6, ¶ 7.

29049405 v1

41.     BHA has yet to pay the outstanding amount of $223,000.00 owed to AAL Group pursuant to the June 2016 through October 2016 invoices, and is in breach of the MAG DS Helicopter Contract.

42.     AAL Group requests that the Court require BHA to pay AAL Group the amount of $223,000.00 for outstanding work and services performed.

### 5.     The KN53 Aviation Equipment Contract

43.     On October 28, 2011, AAL USA entered into a contract with AAL Group to supply and deliver KN53 aviation equipment. *See* KN53 Contract, attached as Ex. 16.[4] Under the terms of this contract, AAL USA agreed to deliver to AAL Group the KN53 equipment. *Id.* AAL Group made an advance payment of $77,012.50, which represented the cost of supplies required to perform the contract.

44.     AAL USA's obligations to perform this contract with AAL Group transferred to BHA under the APA; in fact, this contract is also listed on Schedule 1 of the APA. *See* Ex. 6.

45.     BHA has failed to deliver the KN53 equipment to AAL Group pursuant to the terms of the contract; therefore, BHA is in breach of the contract.

---

[4] Mi Helicopter Solutions was the predecessor to AAL USA. After the commencement of the KN53 contract, Mi Helicopter Solutions changed its name to AAL USA.

29049405 v1

46.    AAL Group requests that the Court require BHA to pay AAL Group the amount of $77,012.50, as a refund of the amount paid by AAL Group for the cost of supplies required to perform the contract.

## IV. CAUSES OF ACTION

### COUNT ONE
### BREACH OF CONTRACT

47.    AAL Group incorporates all preceding paragraphs.

48.    AAL Group has valid contracts with BHA.

49.    AAL Group has performed all of its obligations under the contracts and is not in breach.

50.    Through its actions described herein, BHA has breached its contracts with AAL Group.

51.    AAL Group has been damaged as a result of BHA's breaches, and is owed the following:

    a.  $3,580,257.20 under the Northrop Contract;

    b.  $362,316.03 under the Iraqi MILDS® contract;

    c.  $223,000.00 under the MAG DS Helicopter Contract;

    d.  $418,884.65 under the F2AST Contract; and

    e.  $77,012.50 under the KN53 Aviation Equipment Contract.

29049405 v1

WHEREFORE, AAL Group demands judgment against BHA, including an award for compensatory damages, interest, costs, rescission, and all other relief available.

## COUNT TWO
## UNJUST ENRICHMENT/MONEY HAD AND RECEIVED

52.    AAL Group incorporates all preceding paragraphs.

53.    AAL Group conferred a benefit on Defendants by performing work and advancing money.

54.    By its actions described in this Complaint, Defendants have been unjustly enriched at AAL Group's expense and have retained money that should be returned to AAL Group.

WHEREFORE, AAL Group demands judgment against Defendants, including an award for compensatory damages, interest, costs, and all other relief available.

## V. PRAYER FOR RELIEF

AAL Group requests the following damages and/or relief:

1.    Compensatory damages of at least $4,661,470.38, plus any additional compensatory damages to be determined at trial;

2.    Consequential damages in an amount to be determined at trial;

3.    Costs and expenses, including reasonable attorneys' fees;

4.    Pre and post-judgment interest; and

13

5.     All other relief that the Court deems justified under the circumstances.

## AAL GROUP DEMANDS TRIAL BY JURY ON
## ALL CLAIMS SO TRIABLE.

Dated: March 14, 2017

<div style="margin-left:auto;">

*/s Kip A. Nesmith*
Victor Hayslip
Kip A. Nesmith
Benjamin Coulter
Fob H. James, IV

*Attorneys for Plaintiff*
AAL Group, Ltd.

</div>

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, Alabama 35203
Telephone:  (205) 251-3000
Facsimile:  (205) 458-5100
vhayslip@burr.com
knesmith@burr.com
bcoulter@burr.com
fjames@burr.com

14

29049405 v1

**<u>Defendants to be served by certified mail:</u>**

**Black Hall Aerospace, Inc. c/o
John R. Baggette, Jr., Registered Agent
305 Church Street, Suite 800
Huntsville, Alabama 35801**

**Paul Daigle
63 Bluff View Dr SW
Huntsville, AL 35803-1975**

**Keith Woolford
8524 Rolling Oaks Dr SE
Owens Cross Roads, AL 35763**

29049405 v1