FILED

2018 Jul-23  PM 02:47
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **AAL USA, INC.,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| **v.** ] | |
| ] | |
| **BLACK HALL, LLC, et al.,** ] | |
| ] | |
| **Defendants.** ] | |
| ] | **Case No. 2:16-CV-02090-KOB** |
| _____ ] | **Case No. 2:17-CV-00399-KOB** |
| ] | **This document relates only to** |
| ] | **Case No. 2090.** |
| **AAL Group, Ltd.,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| **v.** ] | |
| ] | |
| **BLACK HALL AEROSPACE, INC.,** ] | |
| *et al.*, ] | |
| ] | |
| **Defendants.** ] | |

## AAL USA'S MOTION FOR LEAVE TO AMEND COMPLAINT
## TO ADD AMY WOOLFORD AS A DEFENDANT

AAL USA, Inc. ("AAL") moves the Court to grant it leave to amend its

complaint to add Amy Woolford as a defendant and states the following as grounds:

32012696 v1

1.      In its Complaint, as amended, AAL alleges, among other things, that a group of its former executives – Paul Daigle (Daigle), its CEO, Keith Woolford (Mr. Woolford), its CFO, Brian Peoples (Peoples), its COO, and David Clarke (Clarke), its executive director, and others – engaged in extensive fraud, breaches of fiduciary duty, self-dealing, etc. while still employed by AAL. In short, AAL alleges that its former executives looted the company.

2.      In conducting the limited discovery it has been permitted so far, AAL has uncovered evidence showing that Amy Woolford (Mrs. Woolford) has been unjustly enriched by the looting and that indicates she was part of a conspiracy to deprive AAL and its owner Oleg Sirbu (Sirbu) of their property.

3.      AAL has now gathered evidence that Mrs. Woolford was unjustly enriched in a myriad of ways. Examples include:

    a. Living in two houses, rent and mortgage payment free, paid for using AAL's money. *See* Closing Papers for 824 Rolling Oaks (house no. 1) and 103 Greymont Avenue (house no. 2) (Exs. A-B to Ex. 1).

    b. Receiving jewelry including a Rolex watch purchased with AAL's money. *See* Reeds Jewelers records (Ex. C to Ex. 1).

    c. Receiving funds from Mr. Woolford – the fruits of their ill-gotten gain – which she then spent on various purchases.

d. Having her household expenses paid for with AAL's corporate credit card and deposit accounts. *See* American Express statements (See Doc. 286, Exs. 1-3, 5-6, 8, 19-22, and 26-27) and BB&T records (See Doc. 286 to Exs. 30-36).

e. Taking cruises to the Bahamas and other vacations paid for using AAL money. *See* Vacations to Go, Inc. records (Ex. D to Ex. 1).

f. Having a pool installed at her house using AAL's money. *See* Pools Plus records (Ex. E to Ex. 1).

g. Using AAL's money to purchase cars.

4. Rule 15(a)(2) permits a party to amend its pleading with the opposing party's consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). The Court should "freely give leave when justice so requires." "District courts have only limited discretion to deny a party leave to amend the pleadings. . . . the Court is constrained to allow a plaintiff leave to amend unless there is substantial countervailing reason." *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1110 (11th Cir. 1996).

5. Here, AAL has developed documentary evidence of Mrs. Woolford's unjust enrichment and participation in the scheme to drain AAL's coffers. Justice requires that AAL be permitted to amend its complaint to allege claims against her.

6.     Further, allowing AAL's proposed amendment would maximize judicial economy. If not permitted to amend, AAL will have to file its claims against Mrs. Woolford in a separate lawsuit.

7.     No party would be prejudiced by allowing AAL to amend its complaint. Mr. Woolford is currently the only remaining defendant (AAL has resolved its litigation with the other defendants). Mr. Woolford has not yet sat for his deposition; nor has he engaged in meaningful paper discovery.

8.     There is no substantial reason why AAL should not be permitted to amend its complaint to add claims against Mrs. Woolford.

## REQUESTED RELIEF

In light of the foregoing, AAL respectfully requests that the Court grant it leave to file the proposed Fourth Amended Complaint (Ex. 1) to add Amy Woolford as a defendant.

Dated: July 23, 2018

*s/ Benjamin B. Coulter*
Benjamin B. Coulter

*One of the attorneys for the Plaintiff*
AAL USA, INC.

**OF COUNSEL**

Victor L. Hayslip
Michael K. K. Choy
Kip A. Nesmith
Benjamin Coulter
Fob H. James, IV
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
mchoy@burr.com
vhayslip@burr.com
knesmith@burr.com
bcoulter@burr.com
fjames@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the foregoing document to be served by electronic filing, U.S. mail, or email on all counsel of record on July 23, 2018.

*s/ Benjamin B. Coulter*
OF COUNSEL