FILED

2018 Jul-25  PM 03:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

AAL USA, INC.,

                Plaintiff,

v.

BLACK HALL AEROSPACE, INC., ET AL.

                Defendants,

_____/

AAL GROUP LTD.,

                Plaintiff,

v.

BLACK HALL AEROSPACE, INC., ET AL,

                Defendants.

_____/

Case No. 2:16-cv-02090-KOB

Case No. 2:17-cv-00399-KOB

**THIS DOCUMENT RELATES ONLY
TO 2:17-CV-00399-KOB**

## <u>DEFENDANT KEITH WOOLFORD'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF AAL GROUP LTD.'S FIRST AMENDED COMPLAINT</u>

Defendant Keith Woolford ("Woolford" or "Defendant") answers Plaintiff AAL Group Ltd.'s ("AAL Group" or "Plaintiff") First Amended Complaint in this matter:

## I. **PARTIES**

1.    Defendant admits that AAL Group is a British Virgin Islands company with its principal place of business in Sharjah, United Arab Emirates, that is has done business with AAL USA, Inc. ("AAL USA"), and that it supplies spectrum rotary wind aviation solutions to

customers around the globe. Defendant denies that Black Hall Aerospace, Inc.'s ("BHA") is AAL USA's former parent company and denies the remaining averments.

2.      Defendant admits that BHA is an Alabama corporation with its principal place of business in Huntsville, Alabama. Defendant is without sufficient knowledge to admit or deny the averments of this paragraph relating to what BHA claims, for which reason they are denied. The remaining averments are denied.

3.      Admitted.

4.      Admitted.

## II.  JURISDICTION AND VENUE

5.      Defendant does not contest the jurisdiction of this Court.

6.      Defendant does not contest venue in the United States District Court for the Northern District of Alabama.

## III. FACTS

7.      Defendant is without sufficient knowledge to admit or deny the averments of this paragraph, for which reason they are denied.

8.      Defendant admits that on or around February 2011, Oleg Fidelski, a shareholder of AAL Group, created Mi Helicopter Solutions to service AAL Group's existing contracts involving aviation services with the U.S. government and its prime contractors. The remaining averments are denied.

9.      Defendant admits that AAL USA and AAL Group have worked together on many contracts, including the contracts identified in this paragraph. The remaining averments are denied.

10.     Defendant admits that BHA was incorporated in around June 2015 and that one of the projects BHA pursued was the obtainment of a FAA Part 145 license. The remaining averments are denied.

11.     Defendant is without sufficient knowledge to admit or deny the averments of this paragraph relating to Daigle's contention, for which reason they are denied. The remaining averments are denied.

12.     Defendant is without sufficient knowledge to admit or deny the averments of this paragraph relating to a 2016 contract with Lockheed, for which reason they are denied. The remaining averments are denied.

13.     Defendant admits only that AAL USA's application for a security clearance with the Defense Security Service was sponsored. Defendant is without sufficient knowledge to admit or deny the averments regarding the entity that sponsored the application or the date on which the sponsorship occurred, for which reason they are denied. The remaining averments are denied.

14.     Defendant states that the letter referenced speaks for itself and otherwise denies the averments.

15.     Defendant admits that BHA and AAL USA entered into an Asset Purchase Agreement ("APA") on September 29, 2016, states that the APA referenced speaks for itself, and otherwise denies the averments.

16.     Defendant admits only that there were discussions relating to the sale of BHA's assets. The remaining averments are denied.

A.     **BHA CLAIMS THE APA TRANSFERRED ALL OF AAL USA'S CONTRACTS TO BHA**

17.     Defendant states that the APA referenced speaks for itself, and otherwise denies the averments.

18.     Defendant states the Assignment and Assumption Agreement speaks for itself and otherwise denies the averments.

19.     Denied.

20.     Defendant states that the email referenced speaks for itself and otherwise denies the averments.

**B.     AAL GROUP HAS BEEN DAMAGED BY BHA'S FAILURE TO PERFORM UNDER THE CONTRACTS AND DEFENDANTS' RETENTION OF MONEY DUE AND OWING TO AAL GROUP.**

**1.     The Northrop Grumman Contract**

21.     Defendant states the Purchase Orders speak for themselves and otherwise denies the averments.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Defendant admits that AAL USA used Versant Funding, LLC to factor Northrop receivables and states that the Assignment Letter speaks for itself. The remaining averments are denied.

26.     Denied.

27.     Defendant admits that he attended a meeting with Paul Daigle and Randy Munger in Huntsville in late 2016 but is without sufficient knowledge to admit or deny the specifics of this meeting, for which reason these averments are denied. The remaining averments are denied.

28.     Denied.

29.     Denied.

30.     Defendant is without sufficient knowledge to admit or deny the averments of this paragraph, for which reason they are denied.

31.     Denied.

32.     Denied.

**2.      The Airbus Iraqi MILDS® Contract**

33.     Defendant states that the contracts referenced speaks for themselves and otherwise denies the averments.

34.     Defendant admits that AAL USA forwarded a payment for Airbus aviation equipment but is without sufficient knowledge to admit or deny the remaining averments of this paragraph, for which reason they are denied.

35.     Defendant states that the APA speaks for itself and otherwise denies the averments.

36.     Defendant is without sufficient knowledge to admit or deny the averments of this paragraph, for which reason they are denied.

37.      Defendant denies that AAL Group is entitled to the relief requested and otherwise denies the averments.

**3.      The F2AST Certified Logistics Support (CLS) Contract**

38.      Defendant states that the POs speak for themselves and otherwise denies the averments.[1]

---

[1] This paragraph is incorrectly labeled in the Amended Complaint as paragraph 34 when it should be labeled as paragraph 38. As a result, each of the successive paragraphs in the Amended Complaint are off by one number. For example, paragraph 39 in the Answer will correspond to paragraph 38 in the Amended Complaint.

39.     Defendant states that the APA speaks for itself and otherwise denies the averments.

40.     Defendant is without sufficient knowledge to admit or deny the averments of this paragraph, for which reason they are denied. The remaining averments are denied.

41.     Defendant is without sufficient knowledge to admit or deny the averments of this paragraph, for which reason they are denied.

42.     Defendant denies that AAL Group is entitled to the relief requested and otherwise denies the averments.

**4.      The MAG DS Helicopter Contract**

43.     Defendant states that the contract referenced speaks for itself and otherwise denies the averments.

44.     Denied.

45.     Defendant is without sufficient knowledge to admit or deny the averments of this paragraph, for which reason they are denied.

46.     Defendant is without sufficient knowledge to admit or deny the averments of this paragraph, for which reason they are denied.

**5.      The KN53 Aviation Equipment Contract**

47.     Defendant admits the allegations in footnote four but is without sufficient knowledge to admit or deny the remaining averments of this paragraph, for which reason they are denied.

48.     Defendant is without sufficient knowledge to admit or deny the averments of this paragraph, for which reason they are denied.

49.     Denied.

50.     Defendant is without sufficient knowledge to admit or deny the averments of this paragraph, for which reason they are denied.

51.     Defendant denies that AAL Group is entitled to the relief requested and otherwise denies the averments.

**6.      The Science & Engineering Services, LLC Check**

52.     Defendant is without sufficient knowledge to admit or deny the averments of this paragraph, for which reason they are denied.

53.     Defendant is without sufficient knowledge to admit or deny the averments of this paragraph concerning Paul Daigle and BHA, for which reason they are denied. Defendant denies the averments concerning Woolford.

**7.      Funds for payment to suppliers**

54.     Denied.

## IV. CAUSES OF ACTION

### COUNT ONE
### BREACH OF CONTRACT

55.     No response is required, because Defendant is not a named defendant in this Count and the only named defendant was dismissed pursuant to the Court's May 16, 2018 Order [D.E. 246].

56.     No response is required, because Defendant is not a named defendant in this Count and the only named defendant was dismissed pursuant to the Court's May 16, 2018 Order [D.E. 246].

57.     No response is required, because Defendant is not a named defendant in this Count and the only named defendant was dismissed pursuant to the Court's May 16, 2018 Order [D.E. 246].

58.     No response is required, because Defendant is not a named defendant in this Count and the only named defendant was dismissed pursuant to the Court's May 16, 2018 Order [D.E. 246].

59.     No response is required, because Defendant is not a named defendant in this Count and the only named defendant was dismissed pursuant to the Court's May 16, 2018 Order [D.E. 246].

No response is required, because Defendant is not a named defendant in this Count and the only named defendant was dismissed pursuant to the Court's May 16, 2018 Order [D.E. 246].

## COUNT TWO
## UNJUST ENRICHMENT/MONEY HAD AND RECEIVED

60.     Defendant incorporates by reference their responses to the preceding paragraphs of the First Amended Complaint.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

Defendant denies that AAL Group is entitled to any of the relief which it seeks in this Count.

## COUNT THREE
## PROMISSORY ESTOPPEL

66.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's promissory estoppel claim has been dismissed and, therefore, no response is required.

67.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's promissory estoppel claim has been dismissed and, therefore, no response is required.

68.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's promissory estoppel claim has been dismissed and, therefore, no response is required.

69.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's promissory estoppel claim has been dismissed and, therefore, no response is required.

70.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's promissory estoppel claim has been dismissed and, therefore, no response is required.

71.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's promissory estoppel claim has been dismissed and, therefore, no response is required.

72.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's promissory estoppel claim has been dismissed and, therefore, no response is required.

Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's promissory estoppel claim has been dismissed and, therefore, no response is required.

## COUNT FOUR
## EQUITABLE ESTOPPEL

73.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's equitable estoppel claim has been dismissed and, therefore, no response is required.

74.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's equitable estoppel claim has been dismissed and, therefore, no response is required.

75.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's equitable estoppel claim has been dismissed and, therefore, no response is required.

76.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's equitable estoppel claim has been dismissed and, therefore, no response is required.

77.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's equitable estoppel claim has been dismissed and, therefore, no response is required.

78.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's equitable estoppel claim has been dismissed and, therefore, no response is required.

79.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's equitable estoppel claim has been dismissed and, therefore, no response is required.

80.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's equitable estoppel claim has been dismissed and, therefore, no response is required.

Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's equitable estoppel claim has been dismissed and, therefore, no response is required.

## COUNT FIVE
## FRAUD/SUPPRESSION/PROMISSORY FRAUD

81.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's fraud/suppression/promissory fraud claim has been dismissed and, therefore, no response is required.

82.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's fraud/suppression/promissory fraud claim has been dismissed and, therefore, no response is required.

83.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's fraud/suppression/promissory fraud claim has been dismissed and, therefore, no response is required.

84.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's fraud/suppression/promissory fraud claim has been dismissed and, therefore, no response is required.

85.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's fraud/suppression/promissory fraud claim has been dismissed and, therefore, no response is required.

86.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's fraud/suppression/promissory fraud claim has been dismissed and, therefore, no response is required.

87.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's fraud/suppression/promissory fraud claim has been dismissed and, therefore, no response is required.

88.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's fraud/suppression/promissory fraud claim has been dismissed and, therefore, no response is required.

89.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's fraud/suppression/promissory fraud claim has been dismissed and, therefore, no response is required.

90.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's fraud/suppression/promissory fraud claim has been dismissed and, therefore, no response is required.

91.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's fraud/suppression/promissory fraud claim has been dismissed and, therefore, no response is required.

92.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's fraud/suppression/promissory fraud claim has been dismissed and, therefore, no response is required.

Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's fraud/suppression/promissory fraud claim has been dismissed and, therefore, no response is required.

## COUNT SIX
## CONVERSION

93.     Defendant incorporates by reference their responses to the preceding paragraphs of the First Amended Complaint.

94.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], this Court dismissed the conversion claim except for the portion of the claim relating to the Science & Engineering Services ("SES") check. Defendant denies the averments relating to the SES check.

Defendant denies that AAL Group is entitled to any of the relief which it seeks in this Count.

## COUNT SEVEN
## TORTIOUS INTERFERENCE

95.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's tortious interference claim has been dismissed and, therefore, no response is required.

96.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's tortious interference claim has been dismissed and, therefore, no response is required.

97.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's tortious interference claim has been dismissed and, therefore, no response is required.

98.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's tortious interference claim has been dismissed and, therefore, no response is required.

99.     Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's tortious interference claim has been dismissed and, therefore, no response is required.

Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's tortious interference claim has been dismissed and, therefore, no response is required.

## COUNT EIGHT
## CONSPIRACY

100.    Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's conspiracy claim has been dismissed with prejudice and, therefore, no response is required.

101.    Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's conspiracy claim has been dismissed with prejudice and, therefore, no response is required.

Pursuant to the Court's July 10, 2018 Order [D.E. 259], Plaintiff's conspiracy claim has been dismissed with prejudice and, therefore, no response is required.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the damages or relief requested in the Prayer for Relief.

## GENERAL DEFENSES

1.      Defendant denies all the material allegations of Plaintiff's First Amended Complaint not otherwise expressly admitted herein.

2.      Defendant denies that Plaintiff has been injured or damaged as claimed.

3.      Defendant denies that he is guilty of any misconduct for which Plaintiff would be entitled to punitive or exemplary damages as a matter of law.

4.      Defendant denies that he is guilty of any misconduct for which Plaintiff would be entitled to recover attorney's fees as a matter of law.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted as a matter of law.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is not the real party in interest to the claims asserted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the claims presented.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join necessary and indispensable parties, who or which would be required for a full and just adjudication of its claims.

### FIFTH AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense of waiver.

### SIXTH AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense of estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense of accord and satisfaction.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense of release.

### NINTH AFFIRMATIVE DEFENSE

Defendant asserts the affirmative defense of ratification and consent.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to do equity.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of in pari delicto.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of frauds.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the parol evidence rule.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any injuries or damages suffered by Plaintiff were the result of a superseding and intervening cause not under the control of Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Any injuries or damages suffered by Plaintiff were caused or contributed to by its own negligence and other misconduct.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

## TWENTIETH AFFIRMATIVE DEFENSE

Any damages claimed by Plaintiff are subject to setoff and recoupment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to plead fraud, in whatever form, with sufficient particularity.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff does not, and did not at any relevant time, hold title, ownership, or a possessory interest in the property at issue.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant asserts the defense of justification.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of truth.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of lack of knowledge.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of lack of intent.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of good faith.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts the defense of qualified privilege.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant asserts that any alleged infringement was innocent.

## THIRTIETH AFFIRMATIVE DEFENSE

Defendant asserts that he has not been guilty of any conduct which creates a likelihood of confusion, mistake, or deception as to the rightful owner of the property in question.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant asserts the defenses of fair use, collateral use, non-commercial use, and use with permission and right.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant asserts the defenses of public knowledge, public domain, and that the alleged matters may be ascertained or derived from publicly available information.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendant asserts the defense of express or implied license.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by ratification of, contractual agreement to, or acquiescence in, the challenged uses.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because any unauthorized use was de minimus.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover on quasi-contractual equitable remedies where there is an express contract between the parties that governs the same subject matter.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims to punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the United States Constitution and/or the common law and/or the public policies of the United States on the following grounds:

(a)      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant, upon the Plaintiff or counterclaimant satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

(b)      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a defendant, which violates Defendant's rights to due process as guaranteed by the United States Constitution.

(c)      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(d)      The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Defendant's due process rights.

(e)      Plaintiff's claims for punitive damages against Defendant cannot be sustained because an award of punitive damages under Alabama law is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate Defendant's due process and equal protection rights as guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

19

(f)     The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of Defendant's due process rights.

(g)     Plaintiff's claims for punitive damages against Defendant cannot be sustained because any award of punitive damages to Plaintiff under Alabama law would violate Defendant's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

(h)     Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain, and they deprive Defendant of due process of law.

(i)     Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recovery of punitive damages or the determination of punitive damages cause Defendant to be treated differently from other similarly situated persons/entities by subjecting it to liability beyond the actual loss, if any, caused by its conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(j)     Plaintiff's claims of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages subject Defendant to punishment for the conduct of others through vicarious liability, respondeat superior, or through non-apportionment of damages among joint tortfeasors based on the

20

respective enormity of their alleged misconduct, in violation of Defendant's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

(k)     Plaintiff's claims for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages expose Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by its conduct, creating a chilling effect on its exercise of its right to a judicial resolution of this dispute.

(l)     Plaintiff is not entitled to recovery of punitive damages because it violates the self-incrimination clause of the Fifth Amendment to the United States Constitution to impose against parties such as Defendant punitive damages, which are penal in nature, yet compel them to disclose potentially incriminating documents and evidence.

(m)     An award of punitive damages in this case would constitute a deprivation of property without due process of law.

(n)     The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

(o)     The procedures pursuant to which punitive damages are awarded subject Defendant to punishment under a law not fully established before the alleged offense.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims to punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

(a)     The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against Defendant in violation of Defendant's due process rights guaranteed by the Alabama Constitution.

(b)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive Defendant of due process of law in violation of the Alabama Constitution.

(c)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages and deprive Defendant of due process of law in violation of the Alabama Constitution.

(d)     An award of punitive damages in this case would constitute a deprivation of property without due process of law.

(e)     The procedures pursuant to which punitive damages are awarded cause Defendant to be treated differently from other similarly situated persons and/or entities by subjecting itself to liability beyond the actual loss, if any, caused by Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

(f)     The procedures pursuant to which punitive damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies Defendant his rights of equal protection and due process.

(g)     It is a violation of the Alabama Constitution to impose punitive damages against Defendant, which are penal in nature, yet compel them to disclose potentially incriminating documents and evidence.

(h)     The procedures pursuant to which punitive damages are awarded expose Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Defendant's conduct, creating a chilling effect on its exercise of their right to a judicial resolution of this dispute.

(i)     The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

(j)     Plaintiff's claim for punitive damages against Defendant cannot be sustained because an award of punitive damages under Alabama law is subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate its due process and equal protection rights guaranteed by the Alabama Constitution. Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

(k)     Plaintiff's claims for punitive damages against Defendant cannot be sustained because any award of punitive damages under Alabama law would violate Defendant's due

process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages against Defendant cannot be sustained because punitive damages may be awarded jointly and severally against some or all of the parties for different acts of alleged wrongdoing without apportionment among them based on the respective enormity of their alleged misconduct and will, therefore, violate Defendant's rights under the Equal Protection Clause and the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and the Alabama Constitution, and will be improper under the common law and public policies of the State of Alabama and the United States of America.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, § 9 of the United States Constitution.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that it seeks the admission into evidence of Defendant's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and the Alabama Constitution.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages against Defendant cannot be upheld because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate its due process rights guaranteed by the United States Constitution and the Alabama Constitution.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Punitive damages are a form of criminal or quasi-criminal sanctions. Therefore, Plaintiff's claims for punitive damages cannot be upheld because an award of punitive damages without the same protections that are accorded criminal defendants, including, but not limited to, protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial would violate Defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and the Alabama Constitution. These rights will be violated unless Defendant is afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if requested for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages against Defendant because such an award, which is penal in nature, would violate Defendant's constitutional rights protected under the Alabama Constitution and the Constitution of the United States, unless Defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination, and the right to forego production and disclosure of incriminating documents.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages against Defendant cannot be upheld because an award of punitive damages under Alabama law for the purpose of compensating plaintiffs for elements of damage not otherwise recognized by Alabama law would violate Defendant's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling in cases such as *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1990), and *Matthews v. Eldridge*, 424 U.S. 319 (1976) for the imposition of a punitive damages award.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the claim splitting doctrine.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the defense of illegality.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by fraud.

## FIFTIETH AFFIRMATIVE DEFENSE

Defendant reserves his right to amend this reply as additional defenses are discovered.

Dated: July 25, 2018

Respectfully submitted,

By:   */s/Michael J. Douglas*
Michael J. Douglas, Esq. ASB-2888-C52D
LEAK, DOUGLAS & MORANO, P.C.
The John A. Hand Building
17 20th Street North, Suite 200
Birmingham, AL 35203
Telephone: (205) 977-7099
Fax: (205) 977-7167


By:   */s/Oliver Benton Curtis*
Oliver Benton Curtis III, Esq.
Florida Bar No. 118156
(PHV approved D.E. 133)
bcurtis@broadandcassel.com
Sara M. Klco, Esq.
Florida Bar No. 060358
(PHV approved D.E. 329)
sklco@broadandcassel.com
BROAD AND CASSEL
One Biscayne Tower, 21st Floor
2 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 373-9400
Fax: (305) 373-9443

*Counsel for Defendant Keith Woolford*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 25, 2018, I electronically submitted the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Alabama, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/Oliver Benton Curtis*
Oliver Benton Curtis III, Esq.

27