# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **AAL USA, INC.,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ] |
| | ] |
| **BLACK HALL, LLC, et al.,** | ] |
| | ] |
| **Defendants.** | ] |
| | ] **Case No. 2:16-CV-02090-KOB-HNJ** |
| | ] **Case No. 2:17-CV-00399-KOB-HNJ** |
| | ] **This document relates to all cases** |
| **AAL Group, Ltd.,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ] |
| | ] |
| **BLACK HALL AEROSPACE, INC.,** *et al.*, | ] |
| **Defendants.** | ] |

### AAL USA'S OPPOSITION TO MOTION TO QUASH, FOR PROTECTIVE ORDER, AND TO STAY SUBPOENA TO PAUL DAIGLE

AAL USA, Inc. ("AAL") hereby opposes the motion to quash, for protective order, and to stay filed by Paul Daigle ("Daigle") and states the following:

32952338 v1

## I. **INTRODUCTION**

Movant Paul Daigle, the former CEO of Plaintiff AAL USA, is the third-party witness with the most knowledge of the facts underlying the claims in this lawsuit. Only the two remaining defendants, Keith and Amy Woolford, are likely to possess anything approaching as much information as Daigle. For a time, discovery directed towards Daigle was stayed, but now that he is no longer a party, there is no justification for Daigle not sitting for a deposition.

AAL USA tried repeatedly to work with Daigle's counsel in scheduling his deposition, but Daigle never provided dates despite repeated requests.[1] Then, when AAL USA served a subpoena and deposition notice, Daigle *still* would not provide alternative dates, merely stating that one of the lawyers representing him had a conflict with the chosen date and then refusing to provide replacement dates unless and until AAL USA agreed to discuss its deposition topics ahead of time (and apparently to agree to various unstated limitations).

It is time for the Court to bring Daigle's delay tactics to an end. AAL USA is entitled to Daigle's deposition, and he is not entitled to have AAL USA give him a preview of its deposition questions. As the Court knows well, litigants depose individual fact witnesses in virtually every case, and parties taking the depositions

---

[1] *See* emails attached as Exhibit 1.

do not disclose their questions ahead of time. This is not a corporate representative deposition in which the deponent serves a list of topics.

Daigle makes four main arguments in support of his motion to quash, motion for protective order, and motion to stay (Doc. 416), which are: (1) one of Daigle's lawyers is unavailable on February 13th due to pre-arranged travel; (2) service of the subpoena to Daigle was "defective" despite being waived; (3) the intended scope of the deposition should be "clarified"; and (4) the potential for Daigle to sit for multiple depositions creates an "undue burden." *See* Doc. 416. Each of these arguments fails.

Daigle's first argument is moot. The deposition will not go forward on February 13th as noticed because the Court has stayed this deposition. This issue, of course, could have been avoided entirely had Daigle provided dates for the deposition in response to any of the multiple inquiries from AAL USA.

Daigle's defective service argument is disproven by Daigle's counsel's representations to AAL USA's counsel. Daigle's counsel represented that there would be no need to serve Daigle with a subpoena and that AAL USA could instead send any subpoena to them. That Daigle now protests that no witness fee and mileage reimbursement was tendered beggars belief. AAL USA has no intention of failing to pay Daigle his $40 witness fee and $0.58/mile traveled, and Daigle's counsel waived service on Daigle.

Nor should the Court permit Daigle to demand "clarification" of the deposition. Daigle is a fact witness, and he has extensive personal knowledge of facts underlying the allegations against the Woolfords. Daigle and Woolford were the CEO and CFO of AAL USA during the time periods relevant to this case, and he should simply answer deposition questions based on his personal knowledge, like any other witness. His counsel, of course, can assert legal privileges if applicable. AAL USA is not required to get Daigle's blessing concerning the subject matter of the deposition.

Despite that fact, AAL USA gave Daigle the opportunity to identify any areas that he might consider improper so that it could consider Daigle's objection. No topics were ever identified.

Finally, sitting for this deposition will not work an undue burden on Daigle. AAL USA has not asked Daigle, to take any other steps that would be unduly burdensome. Daigle simply has to appear and testify to what he knows. The subject matter of the deposition is straightforward – the allegations against the Woolfords – and the issues are well-known to Daigle.

Daigle's counsel seems to suggest that Daigle, for medical reasons, should not be subject to this deposition. But Daigle gives no signs of a lack of good health in his public life. In fact, he has recently announced that he and two other former parties to this case (David Clarke and Brian Peoples) are opening a new music venue (The

Mercantile) and a new British-style pub (The Poppy), in addition to running Black Hall Aerospace, Inc. ("BHA") and operating Arsenal Coffee food truck.[2] Daigle has at least four active businesses and is talking to the media; he can hardly be said to be incapable of sitting for a deposition.

For those reasons, and all of the other reasons set forth herein, the Court should deny Daigle's motion and order him to sit for deposition with 21 days.

## II. ARGUMENT

**A.  Daigle's counsel's conflict is no excuse for Daigle failing to sit for a deposition.**

Daigle's first argument is that Rod Steakley, one of at least five lawyers representing Daigle, is not available for a deposition because of pre-planned travel.[3] Doc. 416, pp. 12-14. This issue, however, is moot and could have been avoided had Daigle simply provided alternative dates either when the deposition was originally noticed or when AAL USA noticed the deposition a second time.[4]

---

[2] *See* https://www.al.com/life/2019/01/could-live-music-return-to-former-downtown-huntsville-venue.html; https://www.al.com/business/2019/01/new-pub-coming-to-downtown-huntsville-square.html

[3] Daigle's counsel did not explain Mr. Steakley's conflict before the filing of its motion. Regardless, Daigle is (apparently and historically) represented by several other lawyers, any of whom could have represented him at a deposition.

[4] AAL USA originally noticed Daigle's deposition on December 27, 2018. *See* Notice attached as Exhibit 2. When told that the noticed date would not work for Daigle, AAL USA agreed to reschedule the deposition. Daigle, however, never provided alternative dates, instead attempting to require AAL USA to meet certain explanatory requirements. AAL USA had no such obligation and made its position clear. When it became clear that Daigle would not provide dates,

If Daigle wishes that Steakley represent him in the deposition, AAL USA has no objection to coordinating a date that Steakley is available. The undersigned has agreed, previously, to coordinate schedules, but Daigle's counsel has failed to provide a single proposed date for the deposition or any justification for Daigle not having to sit for a deposition.

The Court knows well that AAL USA has the right, without leave, to depose *any person*. *See* Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45."). It is literally hornbook law that a party may take the deposition of any person, including a former party to the case:

> The taking of depositions is not limited to parties to the action but extends to any person, including a party. Thus, for example, a party may examine an officer or employee of a party, a dismissed party, any potential witness or a third–party defendant. A party may even take his or her own deposition.

§ 2102 PERSONS SUBJECT TO EXAMINATION, 8A FED. PRAC. & PROC. CIV. § 2102 (3D ED.).

---

AAL USA gave Daigle an opportunity to participate in scheduling and then picked a date and re-noticed the deposition with a subpoena. *See* Re-Notice attached Exhibit 3.

32952338 v1                                              6

A mere conflict on one particular date does not justify prohibiting the deposition as a whole, and in light of the fact that Daigle has not agreed to any date for his deposition, the Court should order Daigle to sit for deposition within 21 days.

**B.     Daigle's counsel agreed to accept service of any subpoena. To the extent tender of payment of a witness fee and a mileage expense was required, AAL USA tenders payment.**

Daigle's second argument is that AAL USA has failed to tender the witness fee and mileage expense. *See* Fed. R. Civ. P. 45. As explained, *supra*, Daigle's counsel agreed to accept the subpoena in lieu of having it served. In compliance with Daigle's stated desires, AAL USA "served" its subpoena on Daigle's counsel. Daigle's counsel never even mentioned that it expected AAL USA nonetheless to tender the fees to counsel or otherwise comply with the rule as set out. Avoiding the formal process of service was the entire point of agreeing that subpoenas could simply be sent to counsel. Had Daigle's counsel so specified, AAL USA certainly would have tendered Daigle's $40 witness fee and $0.58/mile for travel.

Regardless, the time identified in AAL USA's subpoena for Daigle's deposition will have passed by the time this Court hears Daigle's motion. AAL USA will deliver Mr. Daigle's witness fee and estimated mileage when the Court permits AAL USA to re-subpoena Daigle (if indeed necessary), or at Daigle's deposition.

**C.     The Rules of Civil Procedure do not require AAL USA to further clarify the scope of the deposition.**

Daigle's third argument is that AAL USA should be required to "clarify" the scope of Daigle's deposition. Doc. 416, pp. 16-17. There is, however, nothing unclear about the deposition notice. By order of the Court, the cases are consolidated, at least for discovery. *See* Doc. 155. AAL USA has the right to take Daigle's deposition, and there is nothing more required of AAL USA beyond a simple notice.

AAL USA previously identified the scope of the deposition as the allegations in the complaint. Daigle then suggested that certain matters might somehow be inappropriate to go into, but he has never identified a single topic about which it would be improper to depose him. Even today, with the filing of his motion, Daigle has failed to identify *any* topic about which he might be excused from testifying. There is nothing to clarify or discuss, and the Court should order Daigle to sit for a deposition with 21 days.

**D.     Sitting for a deposition is not an undue burden on Daigle.**

Daigle's last argument is that AAL USA's counsel should not be permitted to be involved in more than one deposition of Daigle in overlapping cases. *See* Doc. 416, pp. 17-18. Daigle cites no authority for this position, nor could he. There is nothing improper about counsel for AAL USA appearing in more than one case, and the issues are different in each of the cases. Regardless, AAL USA is not seeking to conduct discovery in these cases to benefit any other case, and there is no

justification for requiring AAL USA to forego needed discovery in this case merely because there is other related litigation.

Daigle will not be unduly burdened by sitting for a deposition in this case. He is an active entrepreneur operating at least four businesses, and he is certainly capable of testifying. He is a sophisticated businessman, and his status as a retired Army captain does not entitle him to refuse to sit for a deposition.

### III. CONCLUSION

Daigle's counsel has not identified a single topic or issue about which Daigle has any legal privilege or basis for refusing to testify. Daigle is unquestionably knowledgeable about the issues in these consolidated cases, and AAL USA is not required to give Daigle a preview of its deposition strategy before the deposition. Though AAL USA remains willing to work with Daigle to schedule a date when he and his counsel are available for deposition (within reason), Daigle has to meet AAL USA half-way and actually be willing to discuss specific dates, or the deposition will never be completed.

In light of the foregoing, AAL USA respectfully requests that the Court deny Paul Daigle's motion to quash, for protective order, and to stay. AAL USA further requests that the Court order Daigle to sit for deposition with 21 days.

Dated: February 12, 2019

*s/ Benjamin B. Coulter*
Benjamin B. Coulter

*One of the attorneys for the Plaintiff*
AAL USA, INC.

**OF COUNSEL**

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
bcoulter@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the foregoing document to be served by electronic filing, U.S. mail, or email on the following parties on February 12, 2019.

Roderic G. Steakley
Benjamin R. Little
Sirote & Permutt, P.C.
305 Church Street, Suite 800
Huntsville, AL 35801
rsteakley@sirote.com
blittle@sirote.com

Keith Woolford
Amy Woolford
34 Monadnock View Road
Rindge, NH 03461

*s/ Benjamin B. Coulter*
OF COUNSEL